IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL A. ROBERTSON,            )
                              )
       Petitioner,       )
   v.                         )   Civil Action No. 12-760-GMS
                              )
DAVID PIERCE, Warden, and     )
ATTORNEY GENERAL OF THE       )
STATE OF DELAWARE,            )
                              )
       Respondents.[1]    )

---

Paul A. Robertson. *Pro se* petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

July 31, 2015
Wilmington, Delaware

---

[1] Warden David Pierce replaced former Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Paul A. Robertson ("Robertson"). (D.I. 3) The State filed an answer in opposition, and Robertson filed a reply. (D.I. 14; D.I. 18) For the following reasons, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In 1990, Robertson and his three co-defendants (Kenneth Rodgers, James Llewellyn, and Christopher Long) were indicted jointly and tried together on the following charges: four counts of first degree murder (two counts of first degree felony murder and two counts of intentional murder), one count of first degree robbery, two counts of first degree conspiracy, and one count of second degree conspiracy. (D.I. 14 at 1) The charges stemmed from an armored car robbery and the murders of two guards. *See Robertson v. State*, 630 A.2d 1084, 1086 (Del. 1993). In October 1991, a Delaware Superior Court found Long, Rodgers and Llewellyn guilty of all of the charges; Robertson was found guilty of two counts of first degree murder, one count of first degree robbery, three counts of possession of a deadly weapon during the commission of a felony, two counts of first degree conspiracy, and one count of second degree conspiracy. After the trial, the Superior Court granted Robertson's motion for judgment of acquittal on two weapons charges. Robertson was sentenced to two natural life sentences without probation or parole, plus eighty-seven years of incarceration. (D.I. 14 at 2); *see also Robertson*, 630 A.2d at 1086.

Robertson appealed. The State agreed to vacate one of Robertson's first degree conspiracy charges, and the Delaware Supreme Court affirmed the remainder of Robertson's convictions on August 11, 1993. *See Robertson*, 630 A.2d at 1095.

On June 5, 2008, Robertson filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court appointed counsel for Robertson, and he filed an amended Rule 61 motion. On October 24, 2011, the Superior Court denied the Rule 61 motion because the claims were untimely and/or previously adjudicated. (D.I. 15, Commr's. Rep. and Rec. in *State v. Robertson*, ID #91000738DI) , and the Delaware Supreme Court affirmed that decision. *See Robertson v. State*, 38 A.23d 1255 (Table), 2012 WL 628001 (Del. Feb. 27, 2012).

Robertson filed the instant habeas petition in June 2012, alleging the following four grounds for relief: (1) pursuant to the Delaware Supreme Court's reinterpretation or clarification of Delaware's felony murder statute in *Williams v. State*, 818 A.2d 906 (Del. 2003) *superseded by statute as stated in Comer v. State*, 977 A.2d 334 (Del. 2009), which was made retroactively applicable in *Chao v. State*, 931 A.2d 1000 (Del. 2007) ("*Chao II*"), there was insufficient evidence to support his felony murder convictions; (2) trial counsel provided ineffective assistance by failing to object to an inadequate felony-murder jury instruction and by failing to request an accomplice "level of liability" jury instruction; (3) the trial court provided an improper accomplice liability jury instruction; and (4) "all grounds raised in direct appeal." (D.I. 3 at 5-17) The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, as meritless. (D.I. 14)

## II. DISCUSSION

### A. One Year Statute Of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Robertson's petition, filed in 2012, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Robertson does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (D). However, Robertson appears to argue that he is entitled to a later starting date for the limitations period under § 2244(d)(1)(C) because the Delaware Supreme Court decisions in *Chao II* and *Williams v. State*, 818 A.2d 906 (Del. 2003) created a new retroactively applicable rule under *Teague v. Lane*, 489 U.S. 288, 301 (1989). This argument is unavailing. The alleged "new rule" in *Chao II* and

3

*Williams* was announced by the Delaware Supreme Court with respect to state law and those cases did not articulate a new federal right made retroactively applicable by the United States Supreme Court. Thus, the one-year period of limitations in this case began to run when Robertson's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Robertson's convictions on August 11, 1993, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Robertson's convictions became final on November 10, 1993. However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 23, 1997.[1] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Consequently, Robertson had until April 23, 1997 to timely file his petition.

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this Circuit. In the present situation, however, Robertson filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

Robertson did not file the instant § 2254 Petition until June 14, 2012,[2] more than fifteen full years after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). Here, Robertson's 61 motion does not have any statutory tolling effect because it was filed eleven years after the limitations period had already expired. Therefore, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

**C. Equitable Tolling**

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that

---

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date June 14, 2012, which is the date on petition's certificate of service. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

5

equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Robertson contends that equitable tolling is appropriate in his case because: (1) the attorney representing him on direct appeal failed to inform him of his post-conviction options; (2) the State did not inform him that his convictions might be impacted by the "new retroactive" *Chao II* and *Williams*' decisions; (3) the Superior Court did not appoint counsel to aid him in filing his original Rule 61 motion; (4) when the Superior Court finally did appoint counsel to represent him in his Rule 61 proceeding, his post-conviction counsel filed an amended Rule 61 omitting the *Chao II/Williams* insufficient evidence claim; and (5) he is ignorant of the law and he lacked access to the prison library. (D.I. 3 at 13; D.I. 18 at 7) These arguments are not persuasive. First, the Third Circuit has consistently held that in non-capital cases like this one, attorney error does not constitute an "extraordinary circumstance" necessary for equitable tolling. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002)(holding that a petitioner's receipt of erroneous advice from counsel regarding a deadline for filing a federal habeas corpus petition did not warrant equitable tolling). Consequently, appellate counsel's alleged failure to advise Robertson about his post-conviction options does not trigger equitable tolling.

Second, Robertson's assertion that he was never informed about the retroactive effect of *Chao II* and *Williams* does not constitute an extraordinary circumstance for equitable tolling

6

purposes, because it is the petitioner's responsibility to exercise reasonable diligence in pursuing relief, which includes keeping abreast of recent legal developments. Even if the court liberally construes this particular assertion as contending that that the limitations period should be equitably tolled through June 20, 2007, the date on which the Delaware Supreme Court issued its decision in *Chao II* that the interpretation of the felony murder statute in *Williams* applies retroactively, the argument still fails to trigger equitable tolling. Although it would have been impossible for Robertson to cite *Chao II* and *Williams* prior to the issuance of those decisions, nothing prevented him from presenting the instant argument that there was insufficient evidence to support his convictions for felony murder prior to the issuance of those decisions. Significantly, when Robertson was convicted in 1991, *Weick v. State*, 420 A.2d 159 (Del. 1980), provided the applicable precedent regarding the requirements of the felony murder statute, namely, that a defendant could only be found guilty of felony murder if the defendant, or his accomplices, committed the murder **and** the murder was committed in "furtherance of" the commission or attempted commission of the felony. *Id.* at 162 (emphasis added). The *Williams* decision merely reaffirmed the *Weick* requirements[1] that a defendant or his accomplices must have committed the killing during the course of the felony **and** that the murder "help[ed] to move the felony forward."[2] *See Comer*, 977 A.2d at 340. Thus, neither *Williams* nor *Chao II*

---

[1]*See Williams*, 818 A.2d at 913 (citing *Weick*, 420 A.2d at 162).

[2]In *Comer*, the Delaware Supreme Court summarized the statutory requirements for felony murder under *Williams* and *Weick* as follows:

> We examined the felony murder statute more recently in *Williams v. State*. In that case, we explained that *Weick* imposed two separate limitations on felony murder: (1) that there be a causal connection between the felony and the murder; and (2) that the felon, or his accomplices, if any, perform the actual killing. But, we noted that in an intervening decision, *Chao v. State* ["*Chao I*"], we had held that for felony murder liability to attach,

7

constitute an "extraordinary circumstance" for equitable tolling purposes, because Robertson's argument regarding the meaning of the "in furtherance of" language in the former felony murder statute has been available to him all along. The court also notes that Robertson has not demonstrated that he exercised the level of diligence needed to trigger equitable tolling; despite the availability of his instant insufficient evidence argument, Robertson waited fifteen years to raise it to the Delaware state courts.

Third, the Superior Court's failure to appoint counsel to aid Robertson in drafting his original Rule 61 motion, and subsequently-appointed post-conviction counsel's alleged failure to include the *Chao II/Williams* insufficient evidence argument in the amended Rule 61 motion, do not constitute extraordinary circumstances warranting equitable tolling. Notably, the Superior Court actually did end up appointing counsel to represent Robertson during the pendency of his Rule 61 proceeding, and post-conviction counsel filed an amended Rule 61 motion. Although post-conviction counsel did not include Robertson's original *Chao II/Williams* insufficient evidence argument in the amended Rule 61 motion, post-conviction counsel filed Robertson's "Memorandum in Support of Motion for Post-Conviction Relief" which contained the *Chao II/Williams* insufficient evidence argument. (D.I. 15, *State v. Robertson*, I.D. NO. 91000738DI,

---

> a killing need only accompany the commission of an underlying felony. Thus, [according to *Chao I*,] if the "in furtherance" language has any limiting effect, it is solely to require that the killing be done by the felon, him or herself.
>
> After analyzing [the felony murder statute], we concluded, in *Williams*, that the "in furtherance of" language not only requires that murder occur during the course of the felony, but also that the murder occur to facilitate commission of the felony. Thus, in *Williams*, we overruled *Chao I*, but retained the agency theory of felony murder we adopted in *Weick*, namely, that the felony murder language requires not only that the defendant or his accomplices if any commit the killing but also that the murder helps to move the felony forward.

*Comer*, 977 A.2d at 339-40.

"Defendant Paul A. Robertson's Memorandum in Support of Motion for Post-Conviction Relief," Dated April 22, 2009) The State addressed Robertson's *Chao II/Williams* insufficient evidence argument in its response to the amended Rule 61 motion, explaining that the argument was both time-barred and procedurally barred. *Id.* at 8. The State also contended that consideration of the claim was not warranted under Rule 61(i)(5)'s exception to the procedural bar because Robertson had been tried under the same felony murder interpretation set in *Williams* and, therefore, the *Williams* decision had no effect on Robertson's case. *Id.* Although the Commissioner's Report and Recommendation denying Robertson's Rule 61 motion did not explicitly refer to Robertson's *Chao II/Williams* argument by including the two case names, the Report implicitly adopts the State's conclusion, explaining that Robertson's original Rule 61 motion "argued that the evidence presented at this trial was insufficient to support his conviction, a contention which had been adjudicated by the Supreme Court in 1993." (D.I. 12, *State v. Robertson*, I.D. 91000738DI, Commr's Rep. & Rec. at 3) Given this record, post-conviction counsel's failure to include the independent *Chao II*/Williams insufficient evidence argument in the formal amended Rule 61 motion does not amount to an extraordinary circumstance sufficient to trigger equitable tolling.

Moreover, even if the court were to liberally construe Robertson's contention regarding post-conviction counsel's alleged ineffective assistance with respect to the *Chao II/Williams* argument as an attempt to trigger equitable tolling pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012),[3] the argument still fails. By its own terms, the *Martinez* decision provides a petitioner

---

[3]In *Martinez,* the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. In order to obtain relief under *Martinez*, a petitioner must demonstrate that the state post-conviction attorney

9

with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

As for Robertson's ignorance of the law, this court has repeatedly held that a lack of legal knowledge does not constitute an extraordinary circumstance warranting equitable tolling. *See Taylor v. Carroll*, 2004 WL 1151552, at *5 (D. Del. May 14, 2004). Similarly, limited access to a prison law library is not, on its own, an extraordinary circumstance for tolling purposes, and Robertson has failed to demonstrate how the alleged restricted library access prevented him from filing a habeas petition for ten or more years. *Id.*

Finally, to the extent Robertson's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A

---

in his first state collateral proceeding was ineffective under the standards established in *Strickland*, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 1316, 1320. A "substantial" ineffective assistance of trial counsel claim is one that has "some" merit" which, given the *Martinez* Court's citation to *Miller-El v. Cockrell*, 537 U.S. 322 (2003), appears to be governed by the standards applicable to certificates of appealability. *Id.* at 1318 -19. Significantly, however, the *Martinez* Court explicitly limited its rule, stating that the "holding in this case does not concern errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id.*

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Robertson's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. The court is persuaded that reasonable jurists would not find these conclusions to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Robertson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.